COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


BUFFALO SHOOK COMPANY, INC.,
 WOOD PRODUCTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION AND
 TRIGON ADMINISTRATORS
                                        MEMORANDUM OPINION[*]
v.   Record No. 2593-97-2                  PER CURIAM
                                         MARCH 31, 1998
JAMES A. PRYOR, SR.


       FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (R. Temple Mayo; Taylor & Walker, on brief),
          for appellants.

          (Robert L. Flax, on brief), for appellee.


     Buffalo Shook Co., Inc. and its insurers (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that employer failed

to prove that James A. Pryor, Sr. ("claimant") unjustifiably

refused employer's offer of selective employment.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To

support a finding of refusal of selective employment 'the record

must disclose (1) a bona fide job offer suitable to the

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

In holding that employer's evidence failed to prove that its offer of selective employment was suitable to claimant's residual capacity, the commission found as follows:

> Dr. [Douglas A.] Wayne specifically recommended against bending. The claimant credibly testified that the small wood parts processor job required bending, and Mr. [G. Nelson] Wilson [, employer's production manager,] conceded that some bending is required to perform the job. As the pile of wood on the pallet got lower, the claimant had to bend to pick up the next piece of wood. Thus, the claimant did not unjustifiably refuse a light duty job that was within his physical capabilities. Moreover, the claimant demonstrated a good faith effort to perform the job but his pain worsened. The best proof of whether or not a job is within the employee's capabilities is a good faith effort to perform the job. Dr. Wayne has observed that the claimant is not a symptom magnifier.

The commission's findings are amply supported by the record. Based upon Dr. Wayne's restriction against bending, the testimony of claimant and Wilson, which established that the job required bending, and claimant's unsuccessful good faith attempt to perform the light duty job, we cannot say as a matter of law that

2

employer proved that claimant unjustifiably refused selective employment. Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.
